UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN POLLACK,

    Plaintiff,

v.    Case No: 8:17-cv-2089-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Glenn Pollack, seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability on May 9, 2014. (Tr. 52.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 52, 76.) Plaintiff then requested an administrative hearing. (Tr. 93.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 32–51.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 17–27.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1962, claimed disability beginning on April 1, 2014. (Tr. 145.) Plaintiff has a high school education. (Tr. 159.) Plaintiff's past relevant work experience included work as a driveway sealer, corrections officer, and machinist. (Tr. 39, 159.) Plaintiff alleged disability due to atrial fibrillation, hearing loss, a left knee meniscus tear, neck and back strains, a right ankle defect, vertigo, and tendonitis of his left foot. (Tr. 158.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since April 1, 2014, the alleged onset date. (Tr. 19.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: fasciitis at the heel and ruptured tendon of the left foot, left knee meniscus tear, and recurrent arrhythmias. (*Id*.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work except that Plaintiff cannot climb ladders nor work with hazardous machinery, and can only work on flat, level ground. (*Id*.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 25.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 26.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other

jobs existing in significant numbers in the national economy, such as a housecleaner, cashier, and sales attendant. (Tr. 27.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (*Id.*)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a).

A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the basis that the ALJ erred in discounting Plaintiff's credibility. (Dkt. 19 at 5.) Specifically, Plaintiff argues that the ALJ failed to properly

evaluate Plaintiff's subjective complaints of episodic vertigo and extreme fatigue. (*Id.*) Plaintiff asserts that the ALJ's finding was not supported by substantial evidence. (*Id.* at 7.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

The ALJ can make credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt*, 921 F.2d at 1223. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *see also Holt*, 921 F.2d at 1223 ("[T]he ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony."). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d. at 1562.

When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility

determination does not need to cite particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Plaintiff argues that although the ALJ gave reasons for discrediting Plaintiff's symptoms, "there was no logical bridge between the [ALJ's] observations of the record and his conclusions." (Dkt. 19 at 7.) Plaintiff also points to his history of atrial fibrillation and argues that the ALJ "assumes a sustained level of functioning, rather than episodic symptoms." (*Id.*) The thrust of Plaintiff's argument is that the evidence supports Plaintiff's complaints of pain and runs counter to the ALJ's determinations. (Dkt. 19 at 5–7.) However, the role of the reviewing court is not to reweigh the evidence, *Dyer*, 395 F.3d at 1212, but instead to determine whether the ALJ adequately articulated his credibility finding and whether the finding is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

Here, Plaintiff testified that he experienced an episode of vertigo or dizziness when he bent over, approximately once every week or ten days. (Tr. 42, 46.) The ALJ found that objective medical evidence contradicted Plaintiff's testimony. (Tr. 25.) The ALJ stated that Plaintiff's alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 25.) The ALJ considered Plaintiff's medical history and specifically identified evidence that discredits his complaints, including that Plaintiff repeatedly denied dizziness or syncope. (*Id.*)

Upon review of the evidence, the ALJ's reasoning is supported by substantial evidence. For example, in February 2014, Plaintiff denied experiencing syncope or dizziness. (Tr. 242.) In September 2014, Plaintiff again denied dizziness or syncope, had no fatigue, and although he had

two to three episodes of atrial fibrillation, he was able to stop the episodes. (Tr. 286–88, 345.) Treating physician Dr. Sankar Varanasi assigned Plaintiff a cardiac classification indicating no limitations in ordinary physical activity. (Tr. 289.) The next month, Plaintiff reported no syncope. (Tr. 284.) In April 2015, Plaintiff denied dizziness, syncope, blurred vision, or slurred speech. (Tr. 405.) In September 2015, Plaintiff reported feeling better with medication. (Tr. 382.) He felt fatigued but had no chest pain, dizziness, or syncope. (Tr. 382–83.) In March 2016, Plaintiff denied dizziness or syncope and reported experiencing one to two episodes of atrial fibrillation per month but only at night. (Tr. 440.)

Contrary to Plaintiff's argument, the ALJ considered appropriate factors and adequately articulated his reasons for discrediting Plaintiff's testimony about the limiting effect of his symptoms. The ALJ acknowledged Plaintiff's allegations but considered objective evidence to conclude that this evidence did not comport with the severity of limitation Plaintiff alleged. (Tr. 23, 25.) The ALJ's consideration of the consistency of Plaintiff's testimony with the objective evidence was proper. 20 C.F.R. § 404.1529(c)(1), (2). Plaintiff's contention, therefore, does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 23, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record